IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAST WEST BANK,<br><br>    Plaintiff,<br><br>v.<br><br>QIR TECHNOLOGY HOLDINGS, INC., QUANTUM IR TECHNOLOGIES LLC, QIR AIR RESOURCES LLC, and QIR CEMENT THERMAL TECHNOLOGY LLC,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXPAND RECEIVERSHIP TO INCLUDE THE ESTATE OF MARK C. ISRAELSEN, THE MARK C. ISRAELSEN TRUST, AND AFFILIATED ENTITIES**<br><br>Case No. 2:25-cv-00105-JNP-DAO<br><br>District Judge Jill N. Parrish |

On May 1, 2025, Mr. Moglia as the court-appointed Receiver in this action moved to expand the receivership to include the estate of Mr. Israelsen, the Mark C. Israelsen Revocable Trust (which holds $1.5 million in life-insurance proceeds), and other affiliated entities, namely Ultratech Ltd LLC; QATSS VN LC; CMX NA Ltd LLC; SCG NA Ltd LLC; FLIR APAC Limited Company; Optical Systems Integration LLC; Matlin Capital, LLC; Matlin Ranch, LLC; Matlin Air Services LLC; Matlin Services, LLC; 169R LLC; and Rapid E-Suite Operations LLC. ECF No. 48. A few weeks later, Angela Millsap (the personal representative of the Estate) and the trustees of the Israelsen Trust (collectively, the Intervenors) moved to intervene in this action to oppose Mr. Moglia's motion. ECF No. 69. The court granted the motion to intervene and has now received full briefing on the motion to expand the receivership. For the reasons below, the court GRANTS IN PART and DENIES IN PART Mr. Moglia's motion.

## ANALYSIS

Intervenors do not oppose Mr. Moglia's motion insofar as it seeks to expand the Receivership to include the 12 affiliated entities named above. Based on Mr. Moglia's representations in his briefing, the court is persuaded that those entities functioned as alter egos of Mr. Israelsen and were used to perpetuate a fraud to enable funding for Mr. Israelsen. The court therefore grants Mr. Moglia's motion as to those entities.

Insofar as Mr. Moglia seeks to expand the Receivership to include the Estate and Trust assets, however, it runs headlong into a fatal jurisdictional problem: a state court exercised jurisdiction over the Estate and Trust assets long before Mr. Moglia filed his motion, depriving this court of jurisdiction over those assets.

To explain briefly: In our system of federalism, many cases can be heard in state or federal court, and litigants may choose to pursue cases involving the same factual and legal issues in both systems at once. That is, state and federal courts often enjoy concurrent jurisdiction. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 478 (1981). Other times, the exercise of jurisdiction by the courts of one system deprives the courts of the other system of jurisdiction to hear the case at issue.

A key distinction in determining whether a case be litigated concurrently in state court and federal court is that between in personam cases and in rem (or quasi in rem) cases. An in personam action seeks a judgment imposing a personal liability or obligation. *Hanson v. Denckla*, 357 U.S. 235, 246 n.12 (1958). An in rem or quasi in rem action, on the other hand, seeks a judgment as to interests in designated property. *Id.* "[W]here the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation[,] at least until judgment is obtained in one of them which may be set up as res judicata in the other." *Princess Lida of Thurn v. Thompson*, 305 U.S. 456, 466 (1939). But "if the two suits are in rem,

or quasi in rem," as they are here, "the jurisdiction of the one court must yield to that of the other." *Id.*

The facts of this case underscore the reason for this rule. Intervenors here are defendants in a state-court action filed by Receivership Defendants (the QIR Entities) in December 2024 seeking, among other things, to void various transfers made by Mr. Israelsen as the sole owner of the QIR Entities. ECF No. 93-1 (state-court complaint). Note the timeline: that action was filed in state court well before Mr. Moglia filed his motion to expand the Receivership. The state court in that action issued a preliminary injunction in February 2025 against Intervenors imposing an asset freeze over all property held by the Estate and Trust, except for the life-insurance proceeds. ECF No. 93-2 (state-court order granting preliminary injunction). Just a few days later, the QIR Entities filed a motion to expand the preliminary injunction to include the life-insurance proceeds. ECF No. 93-4 (state-court motion to expand preliminary injunction). The state court granted this motion in part, ordering 15% of the life-insurance proceeds to be held by the court pending final resolution of the action. ECF No. 93-4 (state-court order expanding preliminary injunction).

Before Mr. Moglia ever filed his motion to expand the Receivership, then, the QIR Entities had invoked the state court's jurisdiction over the Estate and Trust assets. The state court considered the issues and ordered most of the assets frozen until final resolution of the action. If this court now granted Mr. Moglia's motion as to the Estate and Trust assets, those assets simultaneously would be subject to the state court's asset-freeze order and this court's asset-freeze order governing the Receivership Assets (issued along with this court's order appointing Mr. Moglia as Receiver, ECF No. 30). But those two asset-freeze orders are not identical. This court's order is phrased much more broadly whereas the state court's order specifically allows defendants in that action (Intervenors here) to use a portion of the frozen assets, for example, to pay reasonable

3

expenses for the storage and maintenance of certain helicopters and to make mortgage and upkeep payments on one of Mr. Israelsen's residences. *Compare* ECF No. 30, at 4 (this court's asset-freeze order), *with* ECF No. 93-2, at 4–6 (state court's asset-freeze order). Chaos and friction between the state court and this court would surely ensue if the Estate and Trust assets were brought into the Receivership.

To sum up, then, both the state-court and federal-court actions at issue here are in rem because they concern interests in designated property, and state-court jurisdiction attached first. Therefore, this court has no jurisdiction over the Estate or Trust assets and denies Mr. Moglia's motion concerning these assets. *Cont'l Bank & Tr. Co. v. Apodaca*, 239 F.2d 295, 297 (10th Cir. 1956) ("[T]he first court whose jurisdiction and processes is invoked by the filing of a suit, is treated as in constructive possession of the res and authorized to proceed in the cause. Having thus acquired jurisdiction and possession, the property is thereby withdrawn from the jurisdiction of all other courts . . . .").

## CONCLUSION AND ORDER

For the reasons above, the court **GRANTS** Mr. Moglia's motion to expand the receivership, ECF No. 48, insofar as it seeks to bring the affiliated entities named above into the receivership. Once again, these affiliated entities are the following: Ultratech Ltd LLC; QATSS VN LC; CMX NA Ltd LLC; SCG NA Ltd LLC; FLIR APAC Limited Company; Optical Systems Integration LLC; Matlin Capital, LLC; Matlin Ranch, LLC; Matlin Air Services LLC; Matlin Services, LLC; 169R LLC; and Rapid E-Suite Operations LLC. The court **DENIES** for lack of jurisdiction Mr. Moglia's motion insofar as it seeks to bring the Estate or Trust assets into the receivership.

Signed July 18, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge
