IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAST WEST BANK,<br><br>    Plaintiff,<br><br>v.<br><br>QIR TECHNOLOGY HOLDINGS, INC., QUANTUM IR TECHNOLOGIES LLC, QIR AIR RESOURCES LLC, QIR CEMENT THERMAL TECHNOLOGY LLC, ULTRATECH LTD LLC, QATSS VN LC, CMX NA LTD LLC, SCG NA LTD LLC, FLIR APAC LIMITED COMPANY, OPTICAL SYSTEMS INTEGRATION LLC, and RAPID E-SUITE OPERATIONS LLC,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER RESOLVING MOTIONS TO MODIFY AND STAY AND DENYING MOTION TO INTERVENE**<br><br>Case No. 2:25-cv-00105-JNP-DAO<br><br>Chief District Judge Jill N. Parrish |

On July 18, 2025, the court granted in part and denied in part Mr. Moglia's motion to expand the Receivership. ECF No. 101. Specifically, the court gave Mr. Moglia permission to bring several entities affiliated with Mr. Israelsen into the Receivership: Ultratech Ltd LLC; QATSS VN LC; CMX NA Ltd LLC; SCG NA Ltd LLC; FLIR APAC Limited Company; Optical Systems Integration LLC; Matlin Capital, LLC; Matlin Ranch, LLC; Matlin Air Services LLC; Matlin Services, LLC; 169R LLC; and Rapid E-Suite Operations LLC. As to the Israelsen Estate and Israelsen Trust, however, the court determined that it lacked jurisdiction because a Utah state court had already exercised jurisdiction over the Estate and Trust assets.

This July 18 order has faced a series of modification requests since then. Shortly after, on July 23, Celtic Bank Corporation filed a motion to intervene and stay enforcement of the court's

July 18 order, arguing in part that the same Utah state court had already exercised jurisdiction over 169R, LLC and its principal asset, a Leonardo Helicopter. As Celtic Bank Corporation noted, the Receiver (1) previously asserted that it believed 169R, LLC was an asset of the Israelsen Trust, ECF 48 ¶ 98, and (2) had already invoked the state court's jurisdiction over the Helicopter, ECF 103-6 at 2. This court granted the motion to intervene, and Intervenor Celtic Bank Corporation subsequently filed a motion to stay enforcement of the July 18 order and a motion to amend the July 18 order. Additionally, on July 25, Intervenor Angela Millsap filed a motion to modify the July 18 order as well, asserting that Matlin Capital and Matlin Ranch were Trust entities and that therefore the same jurisdictional issues applied to them.[1] *See also* ECF 48 ¶ 83; ECF 105-1 at 2. And, on August 1, L. Dwight Israelsen filed a motion to intervene and stay enforcement of the July 18 order, again with respect to Matlin Capital.

Most recently, the Receiver, Celtic Bank Corporation, Angela Millsap, as Personal Representative of the Estate of Mark C. Israelsen and Trustee of the Mark C. Israelsen Trust, and Matlin Capital, LLC submitted a stipulation regarding the pending motions. ECF 139. This stipulation either resolves or moots the above-mentioned motions.

## CONCLUSION AND ORDER

IT IS HEREBY ORDERED that the motions at ECF Nos. 105, 129, 130, and 139 are resolved as follows:

---

[1] Millsap also included as an exhibit a document purporting to show ownership of Matlin Services, LLC by the Israelsen Trust, though she did not move to exclude Matlin Services from the Receivership. ECF 105-1 at 3.

(1) Matlin Ranch, LLC; Matlin Capital, LLC; Matlin Air Services LLC; Matlin Services, LLC; and 169R LLC are excluded from the Receivership. Ultratech Ltd LLC; QATSS VN LC; CMX NA Ltd LLC; SCG NA Ltd LLC; FLIR APAC Limited Company; Optical Systems Integration LLC; and Rapid E-Suite Operations LLC will remain in the Receivership. The Court's Order at ECF No. 101 is modified consistent herewith, and an amended order will follow shortly.

The court also:

(2) **DENIES** the motion to intervene by Movant L. Dwight Israelsen (ECF 117), as the movant's request is now moot given the stipulation removing Matlin Capital from the Receivership.

Signed October 10, 2025.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge